UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-00173-LLK

**MICHAEL REID**                                                                                          **PLAINTIFF**

v.

**ANDREW SAUL, Commissioner of Social Security**                               **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for social security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 16 and 17. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 12].

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's three arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Discussion**

First, Plaintiff argues that the ALJ's residual functional capacity ("RFC") determination "warrants a finding of disability based upon the VE [vocational expert] testimony that time off task combined with absences from work would preclude all work in the national economy." [DN 16-1 at 3].

In determining Plaintiff's RFC, the ALJ found that Plaintiff's impairments would result in his being "off task no more than 10% of the workday, in addition to normally scheduled breaks" and in his missing no "more than one day of work per month." [DN 11-2 at 17]. The VE's testimony mirrors the ALJ's findings. [DN 11-2 at 17]. *Id.* at 28, 76-77. Plaintiff's argument that the ALJ's RFC determination warrants a finding of disability is unpersuasive because it lacks a factual basis and appears to be based on a misunderstanding regarding the ALJ's findings and/or the VE's testimony.

Plaintiff argues, based on his own unsupported reasoning, that the VE's testimony is unpersuasive because the VE fails to cumulatively account for off task time throughout a month-long period. Plaintiff calculates that an individual who is allowed to be off task 10% of the workday would accumulate what amounts to two extra days of absence from the job site (due to being off task) per month. [DN 16-1 at 4].[1] Plaintiff's argument is unpersuasive because, as the Commissioner points out, "off-task time is not the same as work absence; they are separate functional limitations and they are experienced very differently by both employee and employer." [DN 17 at 5]. VEs routinely testify that being off task 10% of the time plus being absent from work one day per month does **not** necessarily render one disabled. *See e.g. Doss v. Comm'r*, No. 1:16-CV-00145-LLK, 2020 WL 2151865, at *2 (W.D. Ky. May 5, 2020) ("[T]he vocational expert (VE) clarified that the jobs Plaintiff would be required to perform allow one absence per month and being off task ten percent of the time."); *Civitarese v. Comm'r*, No. 1:19-CV-2015, 2020 WL 4366077, at *8 (N.D. Ohio July 30, 2020) ("The VE also testified that absenteeism of one day per month and off-task behavior exceeding 10% of the workday would be work-preclusive" where the relevant "sedentary work is not production-rate work."). Accordingly, Plaintiff's first argument fails.

Second, Plaintiff argues that "the ALJ did not properly consider all of [his] restrictions especially those concerning his neck, hands and need for a cane." [DN 16-1 at 4].

Regarding his neck restrictions, Plaintiff's brief contains no follow-up reference to his "neck" or any cervical restriction; therefore, that aspect of Plaintiff's argument is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones."); *Estes v. Comm'r*, No. 4:19-CV-00071-HBB, 2020 WL 2559954, at *5 (W.D. Ky. May 20, 2020) (same).

---

[1] A 40-hour work week amounts to a 160-hour work month. Being off task 10% of the time amounts to being off task 2 8-hour work days.

Regarding his hand restrictions, the ALJ found that, notwithstanding Plaintiff's "carpal tunnel syndrome and history of arthritis of left wrist/thumb," Plaintiff could engage in "frequent push/pull of hand controls with the bilateral upper extremities," "frequent bilateral reaching at or below shoulder level height," and "frequent bilateral handling and fine fingering." [DN 11-2 at 13, 17]. Plaintiff admits that he underwent a carpal tunnel release after his date last insured (December 31, 2016). [DN 16-1 at 6]. To be disabling or vocationally significant, Plaintiff's alleged hand impairment must have satisfied the so-called duration requirement. *See* 42 U.S.C. § 423(d)(1)(A) (To be disabling, an impairment must have "lasted or can be expected to last for a continuous period of not less than 12 months."). Plaintiff identifies no medical source opining hand restrictions (before the date last insured, satisfying the duration requirement) that are inconsistent with the ALJ's finding. While Plaintiff asserts that he "consistently reported to his doctors and testified that he has barely any use of his left upper extremity," [DN 16-1 at 6], a "doctor's report that merely repeats the patient's assertions is not credible, objective medical evidence." *Mitchell v. Comm'r*, 330 F. App'x 563, 569 (6th Cir. 2009).

Plaintiff's reliance on an alleged need for a cane is also unpersuasive for two reasons. First, there is no indication that Plaintiff medically required a cane (before the date last insured). *See* Soc. Sec. Rul. 96-9p, 1996 WL 374185 at *7 ("To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing."). Second, even if Plaintiff did require a cane, there is no indication such cane use would have prevented him from performing the sedentary jobs the ALJ found he could perform. *See id.* ("[I]f a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded."). As the ALJ considered Plaintiff's purported restrictions related to his neck, hands, and need for a cane to the proper extent, Plaintiff's second argument fails.

Third, Plaintiff argues that "substantial evidence did not support the ALJ's reliance on the VE testimony." [DN 16-1 at 7].

The ALJ found that Plaintiff was not disabled prior to the date last insured because "there were jobs that existed in significant numbers in the national economy that [he] could have performed." [DN 11-2 at 28]. Specifically, the ALJ found that Plaintiff was able to perform the jobs of sedentary order clerk, weight tester, and polisher. *Id.* at 28. The ALJ further found, based on acceptance of the VE's testimony, that such jobs exist in significant numbers because 161,000 plus 60,000 plus 32,000 such jobs exist nationally. *Id.* at 28, 76-77. In a post-hearing brief to the ALJ, Plaintiff cited *Cunningham v. Comm'r*, 360 F. App'x 606 (6th Cir. 2010), to argue that the VE's testimony regarding job numbers did not satisfy the Commissioner's burden of showing a significant number of jobs in the national economy he could perform. *Id.* at 29. In his written decision, the ALJ found Plaintiff's argument and reliance on *Cunningham* to be unpersuasive. *Id.* at 29-30. Plaintiff seeks to revisit the matter here.

The VE's testimony regarding job numbers was based, in part, on the Dictionary of Occupational Titles ("DOT"), an arguably outdated publication of the Department of Labor. In *Cunningham*, the Sixth Circuit remanded a case to the Commissioner for a new decision, reasoning that the Department of Labor replaced the DOT with the Occupational Information Network ("O*NET"); the decades-old DOT includes job descriptions that appear obsolete; and, therefore, "the VE's dependence on the DOT listings alone does not warrant a presumption of reliability." 360 F. App'x at 616. Based on the same reasoning, Plaintiff argues the ALJ's reliance on the VE's testimony was insubstantial because the VE's testimony was not based on up-to-date, reliable vocational evidence.

Plaintiff's reliance on *Cunningham* is unpersuasive for two reasons. First, the issue of DOT obsolescence is relevant only when the jobs identified by the VE arguably no longer exist in significant numbers in the national economy. After all, "[i]f the only jobs that the applicant is physically and mentally capable of doing no longer exist in the American economy (such as pin setter, phrenologist, leech

4

collector, milkman, pony express rider, and daguerreotypist), the applicant is disabled from working, and likewise, as a realistic matter, if there is an insignificant number of such jobs." *Chinn v. Comm'r*, No. 4:18-CV-00054-HBB, 2019 WL 1173374, at *9 (W.D. Ky. Mar. 13, 2019) (quoting *Herrmann v. Comm'r*, 772 F.3d 1110, 1113 (7th Cir. 2014)).  The jobs at issue in *Cunningham* were document preparer and security camera monitor, which (based on their DOT descriptions and "common sense") the Sixth Circuit found to be potentially obsolete.  360 F. App'x at 615.  In this case, in contrast, the ALJ found that Plaintiff was able to perform the jobs of sedentary order clerk, weight tester, and polisher.  According to DOT 209.567-014, a sedentary order clerk "takes food and beverage orders over telephone … and records order on ticket … suggests menu items, and substitutions for items not available, and answers questions … distributes order tickets … to kitchen employees … may collect charge vouchers and cash for service and keep record of transactions."  1991 WL 671794.  Common sense suggests that this job is **not** obsolete.

Second, the application of *Cunningham* urged by Plaintiff is no longer viable in light of *O'Neal v. Comm'r*, 799 F. App'x 313 (6th Cir. 2020), which held that the DOT and **not** the O*NET is the appropriate source for determining job availability in the national economy.[2]  As recently explained by the Eastern District of Michigan:

> [P]ost-*Cunningham*, the Sixth Circuit directly held, in a published decision that the Dictionary of Occupational Titles (DOT) remains a reliable source of evidence:  "To establish that work exists in the national economy, the ALJ can rely on evidence such as the testimony of a VE and the DOT." *Kyle v. Comm'r*, 609 F.3d 847, 855 (6th Cir. 2010).  The DOT is listed as a publication from which an ALJ may take "administrative notice of reliable job information."  *Id.* at 855 (citing 20 C.F.R. § 404.1566(d)).  The O*NET database is not on that list.  § 404.1566(d).  Courts thus have held that the ALJ was not required to consult the O*NET, and failure to do so does not constitute error.
>
> Recognizing the continued "confusion among some of the lower courts about whether the DOT continues to be a reliable source of information at step five," the Sixth Circuit recently clarified "that the DOT data can establish the existence of jobs in the national economy in significant numbers."  *O'Neal v. Comm'r*, 799 F. App'x 313, 317 (6th Cir. 2020).  The *O'Neal* court also noted that the O*NET is not included as a reliable source under § 404.1566(d).  *Id.*  "And, in fact, in 2010, the SSA [Social Security Administration] determined that O*NET in its current form was not suitable for disability claims adjudication."  *Id.* (citing Occupational Infor. Dev. Advisory Panel,

---

[2] Although *O'Neal* is distinguishable from this case in that Plaintiff filed a post-hearing brief to the ALJ objecting to the vocational testimony, it would have been helpful if Plaintiff had acknowledged *O'Neal* in her brief.  [DN 16-1].

5

Findings Report: A Review of the National Academy of Sciences Report, Report to the Comm'r of Soc. Sec. 1, 8 (June 28, 2010)).

*Barnes v. Comm'r*, No. CV 19-10468, 2020 WL 2951118 (E.D. Mich. Apr. 30, 2020) (report adopted) (cleaned up).³

As all three of Plaintiff's arguments fails as a matter of law, the Court must uphold the Commissioner's decision.

### Order

Therefore, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

August 17, 2020

Lanny King, Magistrate Judge
United States District Court

---

³ While the Commissioner's brief as a whole is thoughtful and well-reasoned, it includes flourishes that distract from the substance, e.g., characterizing Plaintiff's position as "ridiculous" and "silly" [DN 17 at 6], providing an extensive list of prior cases involving Plaintiff's counsel and attempting to characterize the position taken by counsel in those cases rather than focusing on the facts of the present case [pp. 10-11], attributing improper motives to Plaintiff's counsel such as playing a "game of gotcha" and engaging in "strategic silence" [*id.*], revisiting issues settled by *O'Neal v. Comm'r*, 799 F. App'x 313 (6th Cir. 2020), and offering gratuitous opinions regarding the soundness of this Court's pre-*O-Neal* case-law [n. 9]. While these flourishes do not rise to the level of ad hominem attacks that draw rebukes from the Sixth Circuit and this Court (*see e.g. Bearden v. Ballad Health*, No. 20-5047, 2020 WL 4218305 (6th Cir. July 23, 2020); *Jones v. H&J Restaurants, LLC*, No. 5:19-CV-105-TBR, 2020 WL 759901 (W.D. Ky. Feb. 14, 2020)), they are distracting and hampered the efficiency of this Court in addressing the substance of the case.

At a more substantive level, although this Opinion does not reach the matter, the Court declines to accept the Commissioner's position that Plaintiff waived an *O'Neal*-style objection to the vocational testimony due to lack of a contemporaneous objection at the administrative hearing [DN 17 at 8-11] because Plaintiff raised the matter in a post-hearing brief to the ALJ. Plaintiffs routinely submit post-hearing objections and challenges to vocational testimony. *See e.g. Kidd v. Comm'r of Soc. Sec.*, No. 5:17-CV-420-REW, 2018 WL 3040894, at *4-5 (E.D. Ky. June 19, 2018) (Plaintiff presented post-hearing "rebuttal vocational evidence" to the ALJ, who assessed the "dueling vocational opinions."); *Robberts v. Comm'r*, No. 2:18-CV-00541, 2019 WL 4023549, at *10 (S.D. Ohio Aug. 26, 2019) ("The ALJ considered Plaintiff's extensive post-hearing objections to the VE's testimony."); *Krell v. Comm'r*, 931 F.3d 582, 585 (7th Cir. 2019) (If counsel "took issue with the vocational expert's testimony, he could [have] challenge[d] it on a post-hearing basis.").